IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-cv-02206 REB-KMT

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

          Plaintiff,

v.

SMOKIN' SPUDS, INC. D/B/A MOUNTAINKING POTATOES

and

FARMING TECHNOLOGY, INC.,
          Defendants.

## PROTECTIVE ORDER

   This matter comes before the Court on the parties' Joint Motion for Entry of Protective Order. [Doc. 41]. The Court has reviewed that Motion. The parties have shown good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information. Therefore, IT IS ORDERED:

   1. This Protective Order shall apply to all confidential documents, materials, and information, produced, given, or exchanged by and among the parties and non-parties to this action including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, deposition exhibits, and any other confidential information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. As used in this Protective Order, "Charging Parties" is defined as Rachel Cordova, Julie Cordova, Tina Reyes, Barbara Chaparro.

4. As used in this Protective Order, "Aggrieved Individuals" is defined to mean anyone the EEOC formally and timely discloses to Defendant as an individual on whose behalf it seeks relief in this suit, including, but not limited to, the Charging Parties, Kathy Martinez, Devon Montoya, and any as yet unidentified individuals EEOC alleges were subjected to sexual harassment by Samuel Valdez.

5. As used in this Protective Order, "producing party" is defined as any party or non-party to this action producing documents, materials, and/or information.

6. As used in this Protective Order, "designating party" is defined as any producing party who has designated documents, materials, and/or information as "CONFIDENTIAL."

7. Information designated "CONFIDENTIAL" shall be information that implicates common law privacy interests, statutory privacy interests, and/or confidentiality interests such as:  (a) personnel records of Defendants' current or former employees and/or applicants for employment; (b) Defendants' trade secrets; (c) privileged or confidential commercial information; (d)  privileged or confidential financial information; (e) medical records, financial records, and tax records. CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation

and trial of this case and as prescribed by law by 5 U.S.C. § 552, Freedom of Information Act (FOIA), as amended.

8. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the producing party or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) Any named party and counsel to such parties including legal, clerical, paralegal and any staff employed or retained by counsel, including secretarial staff and outside copying services;

(b) the Charging Parties and Aggrieved Individuals;

(c) expert witnesses and consultants retained in connection with this proceeding;

(d) the Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom ("Court Personnel");

(e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(f) deponents, witnesses, or potential witnesses likely to have knowledge or information related to the subject matter of confidential documents, and their translators, if any; and

(g) other persons by written agreement of the parties.

9. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, deponents, stenographic reporters and outside copying services), counsel shall provide such person with a copy of this Protective Order, explain the person's obligations under the Protective Order, and obtain the person's agreement to comply with the Protective Order.

10. The producing party may designate a document as CONFIDENTIAL by placing or affixing on it (in a manner that will not interfere with their legibility) the following notice, or other appropriate notice: "CONFIDENTIAL."

11. Before any information is designated "CONFIDENTIAL," counsel of record for the designating party must first review the information and make a determination, in good faith, that it is confidential or otherwise entitled to protection under Fed.R.Civ.P. 26(c).

12. Whenever a deposition or other pretrial testimony involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within forty-five (45) days after notice by the court reporter of the completion of the transcript. Notice shall specify by page and line number the material to be classified and the classification assigned. The designating party shall direct the other Parties and the court reporter to affix the appropriate confidentiality stamp to any portion of the original

transcript, and to that portion of all copies of the transcript, and those portions of the transcript so designated shall be deemed CONFIDENTIAL.

13. The parties agree to file documents designated as CONFIDENTIAL by the other party as a restricted document, in conformance with D.C.Colo.LCivR 7.2(e).

14. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the designating party of such designation. The written notice shall identify the information to which the objection is made. If the parties do not resolve the objection within ten (10) business days after the time the notice is received and after conferring in good faith, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion, within thirty (30) days after the time the notice is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the designating party shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

15. In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall also be subject to the terms of this Protective Order.

16.	Clawback Agreement: The parties agree that they are taking reasonable steps to protect against inadvertent disclosure of materials protected by the work product doctrine, attorney-client privilege, and governmental deliberative process privilege and any other privilege recognized by the federal courts ("Protected Materials"). The parties also agree that the inadvertent disclosure of Protected Materials shall not constitute a waiver of the attorney work product doctrine, attorney-client privilege, or the deliberative process privilege. Any party that discovers it has sent or received Protected Materials shall immediately notify the opposing party so that appropriate steps to return or destroy the Protected Materials may be taken. By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of FRE 502(d) and (e). This Clawback Agreement supplements, and does not supersede, any protections already afforded by FRE 502 or FRCP 26(b)(5)(B).

17.	Materials shall remain confidential in accordance with the terms of this proposed order until the Court enters the governing protective order in this case. Once entered, the Court's Order shall remain in effect during this Court's jurisdiction over this action, unless and until the Court enters an Order to the contrary.

18.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 12th day of February, 2015.

BY THE COURT

Kathleen M. Tafoya
United States Magistrate Judge