IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–02206–REB–KMT

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

SMOKIN' SPUDS, INC., D/B/A/ MOUNTAINKING POTATOES, and
FARMING TECHNOLOGY, INC.,

    Defendants.

---

## ORDER

---

This matter comes before the court on the "Motion to Intervene as Plaintiff's Pursuant to Fed. R. Civ. P. 24(a)(1)" filed by Rachel Cordova, Julie Cordova, and Tina Reyes (hereinafter the "Proposed Intervenors"). (Doc. No. 14, filed Oct. 17, 2014.) Defendants filed a Response on October 20, 2014. (Doc. No. 23.) In their Response, Defendants assert that while Defendant Smokin' Spuds, Inc. d/b/a MountainKing Potatoes ("Smokin' Spuds") does not oppose the Motion to Intervene, Defendant Farming Technology, Inc. ("FTI") opposes intervention for the reasons set forth in "Defendant MountainKing's Motion for Partial Dismissal and Defendant FTI's Motion for Dismissal."[1] (Doc. No. 16, filed Oct. 20, 2015.)

---

[1] Although Defendants' Motion to Dismiss was denied as moot upon the filing of the EEOC's Amended Complaint (*see* Minute Order, Doc. No. 53), the court still considers its arguments to the extent they have been incorporated by reference into Defendants' Response to the Motion to Intervene.

The Equal Employment Opportunity Council (EEOC) filed this action to redress alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981.  The EEOC alleges that Defendant engaged in unlawful discrimination by (1) creating a hostile work environment based on sex and (2) retaliating against women who complained about or otherwise opposed Defendants' alleged discrimination, or who participated in an investigation or other proceeding under Title VII.  (*See generally* Am. Compl., Doc. No. 1, filed Mar. 3, 2015.)  The Proposed Intervenors seek to leave to intervene in this EEOC-initiated action.

Federal Rule of Civil Procedure 24(a)(1) provides that, upon timely motion, a court must permit a party to intervene who "is given an unconditional right to intervene by statute."  As is relevant here, Title VII provides that "[t]he person or persons aggrieved shall have the right to intervene in a civil action" brought by the EEOC.  42 U.S.C. § 2000e-5(f)(1).  The Tenth Circuit has construed 42 U.S.C. § 2000e-5(f)(1) to confer an unconditional right to intervene upon the charging party whose claims provide the basis for an EEOC action.  *Willis v. W.H. Braum, Inc.,* 80 F. App'x 63, 66-67 (10th Cir. 2003).

FTI does not dispute that the Proposed Intervenors have a right to intervene under Rule 24(a)(1) and Title VII.  Nevertheless, relying on the arguments asserted in the Motion to Dismiss, FTI argues that the Proposed Intervenors should not be permitted to intervene because they failed to exhaust their administrative remedies against FTI specifically.  Several decisions from this district have recognized that "no authority suggests that the right to intervene exempts [aggrieved persons] from the traditional exhaustion requirements applicable to individual plaintiffs bringing Title VII claims."  *EEOC v. JBS USA, LLC,* 794 F. Supp. 2d 1188, 1199 (D.

Colo. 2011); *EEOC v. Original Honeybaked Ham Co. of Georgia, Inc.,* No. 11-cv-02560-MSK-MEH, 2013 WL 436005, at *2 (D. Colo. Feb. 4, 2013). Therefore, the court finds that it may deny intervention under Rule 24(a)(1) and Title VII where the proposed intervenor has not exhausted his or her administrative remedies. *See Honeybaked Ham Co.,* 2013 WL 436005.

To exhaust administrative remedies, a plaintiff must file with the EEOC a charge of discrimination against a party before he or she can sue that party under Title VII. *See* 42 U.S.C. § 2000e-5(f)(1) ("[A] civil action may be brought against a respondent named in the charge . . . by the person claiming to be aggrieved . . . ."). Here, FTI maintains that any claims against it are unexhausted because the charges filed by the Proposed Intervenors with the EEOC all identify "MountainKing" as the sole employer and only claimed that a "MountainKing" employee subjected the Proposed Intervenors to a hostile work environment. (Resp. at 2.)

Although a plaintiff should name all defendants in the charge he or she files with the EEOC, the omission of a party's name does not mandate dismissal of a Title VII action. *See Romero v. Union Pac. R.R.,* 615 F.2d 1303, 1311 (10th Cir. 1980) ("complaints to the EEOC must be liberally construed in order to accomplish the purposes of the Act, since such complaints are written by laymen not versed either in the technicalities of pleading or the jurisdictional requirements of the Act."). A Title VII claim may proceed against a defendant not specifically named in the charge of discrimination filed with the EEOC "where the defendant was informally referred to in body of the charge, or where there is a clear identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation." *Id.* (citations omitted).

Here, the EEOC's Amended Complaint alleges that FTI and Smokin' Spuds both (1) do business as "MountainKing Potatoes," (2) operate as a single (integrated) and/or joint employer, and (3) use the trade name "MountainKing Potatoes" to refer to the branded potatoes they grow and package. (*See* Am. Compl. at 1, ¶ 24; *see also id.* ¶¶ 19-20 (alleging that Smokin' Spuds owns one hundred percent of Farming Technology Corporation, which, in turn, owns one hundred percent of FTI). Although Defendants deny these allegations, they have not come forward with any facts demonstrating that FTI does not operate under the trade name "MountainKing Potatoes." *See Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir. 1995) (Unless a party challenges the facts upon which subject matter jurisdiction depends, the court must accept the allegations in the pleadings as true); *Hall v. Bellmon,* 935 F.2d 1106, 1198 (10th Cir. 1991) (in considering a motion under Fed. R. Civ. P. 12(b)(6), the court must presume all factual allegations as true and construe them in a light most favorable to the plaintiff).[2] As such, at this juncture, the court finds that the Proposed Intervenors' reference to "MountainKing Potatoes" in their respective charges of discrimination constituted an informal reference to FTI

---

[2] In the briefing on Defendants' Motion to Dismiss, the EEOC and Defendants disputed whether the EEOC's compliance with pre-litigation requirements implicates the court's subject-matter jurisdiction, and is therefore reviewed under Federal Rule of Civil Procedure 12(b)(1), or is a condition precedent to suit, reviewed under Rule 12(b)(6). (*Compare* Mot. Dismiss at 8, 9 n.9 *with* Resp. Mot. Dismiss, Doc. No. 29, at 7-10.) The court assumes that this argument carries over to the exhaustion of administrative remedies by the Proposed Intervenors. Nevertheless, the court need not address this argument. More specifically, because Defendants have not lodged a factual attack on the EEOC's allegations, the court must conclude under either standard that the Proposed Intervenors exhausted their administrative remedies.

which is sufficient to the exhaust their administrative remedies with respect to FTI.  Accordingly, the Proposed Intervenors will be allowed to intervene.

Therefore, it is ORDERED that the Proposed Intervenors' "Motion to Intervene as Plaintiff's Pursuant to Fed. R. Civ. P. 24(a)(1)" (Doc. No. 14) is GRANTED.  The Clerk of Court is directed to file the Proposed Intervenor's Complaint (Doc. No. 14-1).

Dated this 14th day of April, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

5