# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 14-cv-02206 REB-KMT

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

SMOKIN' SPUDS, INC. D/B/A MOUNTAINKING POTATOES

and

FARMING TECHNOLOGY, INC., D/B/A MOUNTAINKING POTATOES

Defendants.

## PLAINTIFFS' SECOND SUPPLEMENTAL DISCLOSURE INCLUDING DESIGNATION OF TREATING PHYSICANS AND DAMAGE CALCULATIONS

Plaintiff Equal Employment Opportunity Commission ("EEOC") and Plaintiff Intervenors, through the undersigned counsel, and pursuant to Fed.R.Civ.P. 26(a)(1) and (e), and the Scheduling Order (ECF Nos. 33, 34), hereby provide the following information in accordance with the Order: (1) treating physicians of the aggrieved individuals who may be called to testify; and, (2) a description of the methodology and damage calculations for the Aggrieved Individuals. Damage calculations shall be refined to the extent necessary based upon information received in discovery, and/or changes to the trial schedule, which may affect back pay, interest, and front pay calculations. *See* Courtroom Minutes (ECF. No. 33). The EEOC also supplements its prior disclosures as to the identification of aggrieved individuals for whom EEOC seeks relief in this matter.

1

# Exhibit 1

I. **TREATING PHYSICIANS WHO MAY BE CALLED TO TESTIFY**

The Plaintiffs seek garden variety emotional distress for all Aggrieved Individuals other than Rachel Cordova. The Plaintiffs does not intend to rely on any medical provider records or testimony to support its claims for compensatory damages for Aggrieved Individuals other than Rachel Cordova.

With respect to Rachel Cordova, the Plaintiffs may call the following treating healthcare providers as witnesses at trial:

a. Roberta Tesar, LCSW, last known address - 2115 Stuart Ave, Alamosa, CO 81101. Phone: (719) 589-8008.

b. Amanda Schultz, P.A., Eugene O'Neill, M.D., and/or Custodian of Records for SLV Regional Medical Center Physician Services, 2115 Stuart Ave, Alamosa, CO 81101. Phone: (719) 589-8008.

II. **METHODOLOGIES AND DAMAGE CALCULATIONS**

Plaintiffs seek the following categories of damages:

***Back-Pay and Front-Pay:*** Plaintiffs seek back pay damages and interest for three Charging Parties -- Rachel Cordova, Julie Cordova and Tina Reyes -- based on retaliatory discharge, and front pay in lieu of reinstatement at the Court's discretion. The method for how Plaintiffs intends to calculate back pay is described below.

*Rachel Cordova*

Plaintiffs seek back pay for Rachel Cordova for periods of unemployment and underemployment that she experienced after her termination on August 12, 2010 through September of 2010. Plaintiffs are using the following wage and hour information from the MountainKing potato plant as the base salary. At the time of Rachel Cordova's termination, she was paid $7.28 per hour (EEOC0000378). Her overtime wages were $10.92 per hour. According to Defendants' Compensation Detail (EEOC0000379), Rachel Cordova worked a total of 458.54

2

regular hours and 70.54 overtime hours during the Second Quarter of 2010. To arrive at a monthly average, Plaintiffs have multiplied the average hourly rates by the number of quarterly hours and then divides by three months: ($7.28 x 458.54 hours) + ($10.92 x 70.54 hours) / 3 months = $1,369.96 per month. At trial, Plaintiffs will seek compounded prejudgment interest at the Colorado statutory rate of 8% on all back pay amounts.

Based on this methodology and with available information, Rachel Cordova's back pay, excluding interest, totals $935.16. This number derives from the base salary of $1,369.96 in August and September of 2010 that Rachel Cordova would have earned had she remained at MountainKing, minus her earnings in September from her subsequent employer, Worley McCullough.

### *Julie Cordova*

Plaintiffs continue to verify all of Julie Cordova's job search efforts and subsequent employment. Contingent on adequate job search efforts, Plaintiffs seek back pay for all periods of unemployment and underemployment for Ms. Cordova, and all periods of employment where she earned less than she would have earned had her employment continued with Defendants. The Plaintiffs are using the following wage and hour information from the MountainKing potato plant as the base salary: At the time of Julie Cordova's termination, she was paid $7.28 per hour (EEOC 0000756). Her overtime wages were $10.92 per hour. According to Defendants' Compensation Detail (EEOC0000758), Julie Cordova worked a total of 400.67 regular hours and 52.52 overtime hours during the Second Quarter of 2010. To arrive at a monthly average, EEOC multiplies the average hourly rates by the number of quarterly hours and then divides by three months: ($7.28 x 400.67 hours) + ($10.92 x 52.52 hours) / 3 months = $1,163.46 per month. Ms. Cordova's applicable mitigation, which will be deducted from the base salary above, is described

3

in response to Defendants' Interrogatory 2 and supporting documents produced in response to Defendants' Requests for Production Nos. 1 and 12. The Plaintiffs will continue to supplement production of documents as records become available. At trial, Plaintiffs will seek compounded interest at the Colorado statutory rate of 8% on all back pay amounts.

Based on this methodology and with available information, Julie Cordova's back pay excluding interest through April 15, 2015 totals $52,700.95. This number derives from taking the base rate, $1,163.46, and multiplying it by 39 months of unemployment between June 2010 and the present (06/10 partial, 07/10, 11/10, 05/11-03/13, 05-08/13, 10/13-02/14, 11/14-02/15), and includes 15 months of underemployment (08-10/10, 04/13, 09/13, 03-10/14, 03/15) minus wages earned during these months of employment.

*Tina Reyes*

Plaintiffs continue to verify all of Tina Reyes' job search efforts and subsequent employment. Contingent on adequate job search efforts, Plaintiffs seek back pay for all periods of unemployment for Ms. Reyes, and all periods of employment where she earned less than she would have earned had her employment continued with Defendants. Plaintiffs are using the following wage and hour information from the MountainKing potato plant as the base salary: At the time of Tina Reyes's termination, she was paid $7.28 per hour (EEOC 0001512). Her overtime wages were $10.92 per hour. According to Defendants' Compensation Detail (EEOC0001517), Ms. Reyes worked a total of 428.83 regular hours and 50.48 overtime hours during the Second Quarter of 2010. To arrive at a monthly average, Plaintiffs multiply the average hourly rates by the number of quarterly hours and then divides by three months: ($7.28 x 428.83 hours) + ($10.92 x 50.48 hours) / 3 months = $1,224.37 per month. Ms. Reyes' applicable mitigation, which will be deducted from the base salary above, is described in

4

response to Defendants' Interrogatory 2 and supporting documents produced in response to Defendants' Requests for Production Nos. 1 and 12.  Plaintiffs will continue to supplement production of documents as records become available. Plaintiffs' request for back pay for Ms. Reyes ends in June 2014. At trial, EEOC will seek compounded interest at the Colorado statutory rate of 8% on all back pay amounts.

Based on this methodology and with available information, Tina Reyes' back pay excluding interest through April 15, 2015 totals $27,561.07. This number derives from the base rate $1,224.37 and multiplying it by 19 months of unemployment between August 30, 2010 and June 2014 (11/10-02/11, 11/12-02/13, 05-08/13, 10/13-04/14), and includes 8 months of underemployment (09-10/10, 03/11, 10/12, 04/13, 09/13, 05-06/14) minus wages earned during these months of employment.

### *Compensatory Damages including Emotional Distress and Punitive Damages:*

With respect to compensatory damages and punitive damages, the EEOC believes that the statutory maximums applicable to this case are $300,000.00 *per* Aggrieved Individual.

Emotional Distress:

For the humiliation, degradation, stress, inconvenience, frustration, anxiety, fear, and other emotions suffered due to the hostile work environment, the Plaintiffs seek extreme emotional distress damages for Rachel Cordova and garden-variety emotional distress damages for the other Aggrieved Individuals, up to the amount allowed by law.

Punitive Damages: Because Defendant acted with malice or reckless indifference to the Title VII rights of the Aggrieved Individuals, Plaintiffs seek punitive damages up to the amounts permitted by law.

### III.   AGGRIEVED INDIVIDUALS FOR WHOM EEOC SEEKS RELIEF

<u>Aggrieved Individuals Previously Identified in EEOC's Initial Disclosures and First Supplemental Disclosures:</u>

1. Barbara Chaparro
   765 Sutley St.
   PO Box 655
   Monte Vista, CO 81144

2. Julie Cordova
   503 Batterson St. #303
   Monte Vista, CO 81144

3. Rachel Cordova
   425 Washington St.
   Monte Vista, CO 81144

4. Tina Reyes
   316 Alameda St.
   Monte Vista, CO 81144

5. Kathy Martinez
   PO Box 297
   Center, CO 81125

6. Devon Montoya
   405 Ray St.
   Monte Vista, CO 81144

7. Maria Borquez
   P.O. Box 4646
   San Luis, Arizona 85349

8. Danielle Chavez
   12930 W. 24th Pl
   Golden, Colorado 80401

9. Alisha Moore
   725 Pitkin Ave.
   Saguache, Colorado 81149

10. Lilia Castillo de Páez
    70 Central Ave.
    Center, Colorado, 81125

11.      Darlene Sisneros
            5235 Broadway
            Monte Vista, Colorado

<u>Additional Aggrieved Individuals Identified Pursuant to the April 17, 2015 Deadline (ECF Nos. 33, 34):</u>

12.      Rebecca Cisneros
            513 Jackson Street
            Monte Vista, Colorado 81144

Ms. Cisneros is an aggrieved individual who must be contacted through the EEOC. Ms. Cisneros has discoverable information that Plaintiff may use to support its claims. Ms. Cisneros has information about her employment with the Defendants, including but not limited to her hiring, training, policies and procedures, work conditions, interactions with Sam Valdez and other supervisors and managers, the hostile work environment that existed during her employment, opposition to the sexual harassment, and retaliatory actions. She also has information about her damages. She may have information about damages suffered by other aggrieved individuals as well and other relevant matters.

13.      Crisanta Guerra
            429 Monroe Street
            Monte Vista, Colorado 81144

Ms. Guerra is an aggrieved individual who must be contacted through the EEOC. Ms. Guerra has discoverable information that Plaintiff may use to support its claims. Ms. Guerra has information about her employment with the Defendants, including but not limited to her hiring, training, policies and procedures, work conditions, interactions with Sam Valdez and other supervisors and managers, the hostile work environment that existed during her employment, opposition to the sexual harassment, and retaliatory actions. She also has information about her damages. She may have information about damages suffered by other aggrieved individuals as well and other relevant matters.

14.   Esther E. Giron
      P.O. Box 5
      Center, Colorado 81125

Ms. Giron has notified the EEOC of her interest in participating in the EEOC's lawsuit. However, EEOC has been unable to reach her. Subject to EEOC's confirmation, the EEOC intends to seek relief for Ms. Giron. She must be contacted through the EEOC. Upon information and belief, Ms. Giron has discoverable information that Plaintiff may use to support its claims. Ms. Giron has information about her employment with the Defendants, including but not limited to her hiring, training, policies and procedures, work conditions, interactions with Sam Valdez and other supervisors and managers, the hostile work environment that existed during her employment, opposition to the sexual harassment, and retaliatory actions. She also has information about her damages. She may have information about damages suffered by other aggrieved individuals as well and other relevant matters.

15.   Juanita Ramirez
      1211 San Juan Ave.
      Alamosa, CO 81101

Ms. Ramirez has been identified as an alleged aggrieved individual by other witnesses. The EEOC has been unable to contact Ms. Ramirez. Subject to EEOC's confirmation, EEOC intends to seek relief for Ms. Ramirez. Upon information and belief, Ms. Ramirez has discoverable information that Plaintiff may use to support its claims. Ms. Ramirez has information about her employment with the Defendants, including but not limited to her hiring, training, policies and procedures, work conditions, interactions with Sam Valdez and other supervisors and managers, the hostile work environment that existed during her employment, opposition to the sexual harassment, and retaliatory actions. She also has information about her damages. She may have information about damages suffered by other aggrieved individuals as

well and other relevant matters.

The EEOC reserves the right to identify and seek relief for additional aggrieved individuals subject to good cause as stated by the Court during the Scheduling Conference on December 11, 2014.

## IV. ADDITIONAL WITNESSES

Fed. R. Civ. P. 26(a) (1) (A)(i):  The name and, if known, the address and telephone number of each individual likely to have discoverable information that Plaintiff may use to support its claims or defenses:

> Matt Gonzalez
> 425 Washington St.
> Monte Vista, Colorado 81144

Matt Gonzalez is Rachel Cordova's husband. Mr. Gonzalez may testify about the ongoing impact of the hostile work environment on his wife.

> Edward Medina
> 405 Ray St.
> Monte Vista, CO 81144

Mr. Medina is a former employee for Defendants at the Monte Vista, Colorado facility. Mr. Medina has information about sexual harassment at the Monte Vista plant, including by Sam Valdez and other supervisors and managers. He may also testify about the emotional distress of DeVon Montoya, including how upset, sad, and emotionally drained and distressed Ms. Montoya was because of the harassment.

> Bobby Chavez
> 6926 Cottonwood LN, Apt. B
> Alamosa, CO 81101
> (719) 587-9547

Upon information and belief, Mr. Chavez was Defendants' former night shift supervisor and/or manager at the Monte Vista, Colorado facility. Mr. Chavez may have

9

knowledge about sexual harassment at the plant, complaints of harassment, job duties and powers of various employees and managers, Defendants' employment policies and practices, employee and manager education and training on sexual harassment and retaliation, and other information relevant to the EEOC's claims and any defenses raised by Defendants.

>Lisa Garcia
>721 Mariposa St.
>Alamosa, CO 81101

Ms. Garcia is a former employee of Smokin' Spuds. Ms. Garcia has information about pervasive sexual harassment at MountainKing, the interrelation of operations between Defendants, and Defendants' inadequate response to sexual harassment and sexual harassment complaints.

>Glenda Freel
>2025 Vigil Way
>Alamosa, CO 81101

Ms. Freel Garcia is a former employee of Defendants at the MountainKing Plant in Monte Vista. Ms. Freel has information about pervasive sexual harassment at MountainKing, Defendants' policies and practices, including policies, education, and practices with respect to sexual harassment and retaliation, and Defendants' inadequate response to sexual harassment and sexual harassment complaints.

>Paulann Guerrero
>721 Mariposa St.
>Alamosa, CO 81101

Ms. Paulann Guerrero is a former employee of Defendants at the MountainKing Plant in Monte Vista. Ms. Guerrero has information about Samuel Valdez and the pervasive sexual harassment at MountainKing, Defendants' policies and practices, including policies, education, and practices with respect to sexual harassment and retaliation, and Defendants' inadequate

response to sexual harassment.

    Joaquin Lujan
    1628 West 6th St.
    Alamosa, CO 81101

Mr. Joaquin Lujan is a former employee of Defendants at the MountainKing Plant in Monte Vista. Mr Lujan has information about pervasive sexual harassment at MountainKing, Defendants' policies and practices, including policies, education, and practices with respect to sexual harassment and retaliation, and Defendants' inadequate response to sexual harassment and sexual harassment complaints.

    Ashley McDonald
    2025 Vigil Way
    Alamosa, CO 81101

Ms. Ashley McDonald is a former employee of Defendants at the MountainKing Plant in Monte Vista. Ms. McDonald has information about pervasive sexual harassment at MountainKing, Defendants' policies and practices, including policies, education, and practices with respect to sexual harassment and retaliation, and Defendants' inadequate response to sexual harassment and sexual harassment complaints.

    Benjamin "Pat" Goolsby
    c/o MountainKing Potatoes

Mr. Benjamin "Pat" Goolsby is the president of Defendant FTI. Mr. Goolsby may have information about Defendants' interrelation of operations, sexual harassment and/or retaliation at MountainKing, complaints of sexual harassment and/or retaliation at MountainKing, and Defendants' employment policies and practices, including, but not limited to, policies, training, and practices with respect to sexual harassment and retaliation, and other information relevant to the EEOC's claims and any defenses raised by Defendants.

>Cary Hoffman
>c/o MountainKing Potatoes

Mr. Cary Hoffman is the president of Defendant Smokin' Spuds. Mr. Hoffman may have information about Defendants' interrelation of operations, sexual harassment at MountainKing, complaints of sexual harassment and/or retaliation at MountainKing, and Defendants' employment policies and practices, including, but not limited to, policies, training, and practices with respect to sexual harassment and/or retaliation, and other information relevant to the EEOC's claims and any defenses raised by Defendants.

>Terri Pacheco
>c/o MountainKing Potatoes

Ms. Terri Pacheco is a current or former supervisor or administrator at the MountainKing Plant in Monte Vista, Colorado. Ms. Pacheco may have information about the Defendants' interrelation of operations, preservation and archiving of records, information with respect to payroll and benefits, the sexual harassment and/or retaliation at the MountainKing Plant, complaints of sexual harassment and/or retaliation at the MountainKing Plant, the reasons for adverse employment actions taken against the Aggrieved Individuals, Defendants' employment policies and practices, including but not limited to, policies, training, and practices with respect to sexual harassment and retaliation, and other information relevant to the EEOC's claims and any defenses raised by Defendants.

>Debra Chapman
>c/o MountainKing Potatoes

Ms. Debra Chapman is a current or former supervisor or administrator at the MountainKing Plant in Monte Vista, Colorado. Ms. Chapman may have information about the Defendants' interrelation of operations, preservation and archiving of records, information

with respect to payroll and benefits, the sexual harassment and/or retaliation at the MountainKing Plant, complaints of sexual harassment and/or retaliation at the MountainKing Plant, the reasons for adverse employment actions taken against the Aggrieved Individuals, Defendants' employment policies and practices, including but not limited to, policies, training, and practices with respect to sexual harassment and retaliation, and other information relevant to the EEOC's claims and any defenses raised by Defendants.

    Mark Steakley
    c/o MountainKing Potatoes

Mr. Mark Steakley is the Vice President and General Counsel of both Defendant Smokin' Spuds and FTI. Mr. Steakley may have information about Defendants' interrelation of operations, records, sexual harassment at MountainKing, complaints of sexual harassment and/or retaliation at MountainKing, investigations into sexual harassment and/or retaliation at MountainKing, and Defendants' employment policies and practices, including, but not limited to, policies, training, and practices with respect to sexual harassment and retaliation, the reasons behind adverse actions taken against the Aggrieved Individuals, and other information relevant to the EEOC's claims and any defenses raised by Defendants.

    *s/ Iris Halpern*

    IRIS HALPERN
    Senior Trial Attorney
    (303) 866-1374
    Iris.halpern@eeoc.gov

    EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
    Denver Field Office
    303 East 17th Avenue, Suite 410
    Denver, CO   80203

    LORETTA MEDINA
    Senior Trial Attorney

(505) 248-5230
Loretta.medina@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Albuquerque Area Office
505 Marquette N.W., Suite 900
Albuquerque, New Mexico

Attorneys for Plaintiff

*s/ Lawson Konvalinka*_____
Lawson Konvalinka
Jenifer Rodriguez
Colorado Legal Services
1905 Sherman Street, Suite 400
Denver, CO 80203
(303) 866-9366
Fax (303)830-7860
E-mail: lkonvalinka@colegalserv.org
E-mail: jrodriguez@colegalserv.org

Attorneys for Plaintiff-Intervenors

14

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2015, I served a copy of the foregoing upon the following counsel electronically to the following e-mail addresses:

E. Michelle Bohreer
Todd J. Zucker
H. Keith Jarvis
Gregory S. Rich

michelleb@bohreerzucker.com
toddz@bohreerzucker.com
Jarvis@mgjlaw.com
rich@mgjlaw.com

Attorney for Defendants

                                                                  s/ *Iris Halpern*
                                                                   Iris Halpern

                                                                   Attorney for Plaintiff