## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No: 1:14-cv-02206-REB-KMT

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

     Plaintiff,

RACHEL CORDOVA, JULIE CORDOVA and TINA REYES,

Plaintiff-Intervenors,

v.

SMOKIN' SPUDS, INC., d/b/a MOUNTAINKING POTATOES

and,

FARMING TECHNOLOGY, INC.,

     Defendants.

---

## CONSENT DECREE

---

## I.   RECITALS

**1.**     Equal Employment Opportunity Commission ("EEOC"), an agency of the United States of America and Plaintiff-Intervenors Rachel Cordova, Julie Cordova,  and Tina Reyes (collectively, the "Plaintiff-Intervenors"), allege that Defendants, Smokin' Spuds, Inc. d/b/a MountainKing Potatoes ("MountainKing") and Farming Technology, Inc. ("FTI") (collectively, "Defendants") engaged in unlawful discrimination by subjecting Plaintiff-Intervenors, Charging Party Barbara Chaparro, and other female employees of Defendants to sexual harassment, including but not limited to verbal sexual harassment and unwelcome physical touching, and a hostile work environment because of their sex, and by failing to take prompt remedial action to eliminate such harassment and hostile work environment upon receiving notice, all in violation of Title VII of the

1

Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.* The EEOC and the Plaintiff-Intervenors further allege that the Plaintiff-Intervenors opposed what they believed was an unlawful discriminatory practice based on sex and they were retaliated against, including assigning Rachel Cordova and Tina Reyes to less desirable work assignments and discharging Rachel Cordova, Tina Reyes and Julie Cordova.

2.      Defendants deny the allegations in this lawsuit and specifically deny all allegations that they unlawfully harassed or retaliated against any Charging Party, aggrieved individual or intervenor or created or tolerated a hostile work environment in violation of Title VII.

3.      The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendants.

4.      The Parties hereto agree that this Decree fairly resolves the issues alleged by EEOC and Plaintiff-Intervenors and constitutes a complete resolution of all EEOC's and Plaintiff-Intervenors' claims of unlawful employment practices that were made against Defendants in the EEOC's First Amended Complaint and Jury Trial Demand and/or the Plaintiff-Intervenors' Complaint, including, any claims for back pay, front pay, compensatory damages, punitive damages, interest, injunctive or equitable relief, attorney's fees or costs.

5.      As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

6.      Defendants and their officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

7.      For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**II.      JURISDICTION**

8.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

9.      The Court shall retain jurisdiction of this action for the duration of the Decree for the purposes of entering all orders, judgments, and decrees which may be necessary to implement its terms and the relief provided.

**III.      DEFINITIONS**

10.      **Complaint of Discrimination, Harassment, or Retaliation** - A complaint of discrimination, harassment, or retaliation shall be any oral or written complaint, protest, statement of concern, or description that comes to the attention of a supervisor or manager of Defendants and makes allegations that are appreciated by any supervisor or manager as an allegation of gender discrimination, harassment, or retaliation,  regardless of whether the employee complains in writing or expressly uses the terms "sexual," "discrimination," "harassment," or "retaliation." For example, an employee may complain that she was teased or taunted because of her figure or body parts, or that she was given an unfavorable assignment because she expressed disapproval of such conduct. These are "complaints of discrimination" even though the employee does not expressly use the words "complaint," "discrimination" or "retaliation."

11.      **EEO -** The term "EEO" shall refer to the phrase "equal employment opportunity."

12.      **Effective Date** -The Effective Date of this Decree is the date on which the Court gives final approval to the Decree, after hearing, if required.

13. **Parties** - The Parties to this Decree are the Plaintiff Equal Employment Opportunity Commission, Plaintiff-Intervenors and Defendants.

14. **Intervenor** – The Intervenors are the Plaintiff-Intervenors, Rachel Cordova, Julie Cordova and Tina Reyes.

15. **Aggrieved Individual** – Charging Party Barbara Chaparro and any other member of the group of women on whose behalf the Equal Employment Opportunity Commission has sought relief in this lawsuit.

16. **Consultant** – a private vendor with Human Resources expertise in the area of drafting EEO policies for companies, and who has no other contractual or employment relationship with Defendants, provided, however, that the attorneys of record or outside counsel for Defendants (i.e., attorneys who are not employees of the Defendants or any affiliate of the Defendants) may act as Consultants to Defendants under this Decree.

### IV. TERM, SCOPE AND ISSUES RESOLVED

17. **Term:** The duration of this Decree shall be three (3) years from the date of signing by the Court.

18. **Scope:** The terms of this Decree shall apply to all potato packing facilities operated by Defendants in Monte Vista, Colorado, including the MountainKing facility in Monte Vista, Colorado, and shall include all individuals with responsibility over such facilities.

19. **Charges Resolved**: This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title VII that arise from Charges of Discrimination Numbers 541-2011-00544, 541-2011-00550, 541-2011-00554, and 541-2011-00556 filed by Tina Reyes, Julie Cordova, Barbara Chaparro and Rachel Cordova.

20. **Non-Waiver of EEOC Claims:** Nothing in this Decree shall be construed to

preclude EEOC from bringing suit to enforce this Decree in accordance with the enforcement provisions of Section IX ("Enforcement of Consent Decree"). Neither does this Decree preclude EEOC from filing lawsuits based on charges not resolved in this Decree.

21.     **Charges Filed After the Effective Date:** Any individual charges of discrimination which were not identified in EEOC's Amended Complaint and any individual charges filed with EEOC or the Colorado Civil Rights Division ("CCRD") after the effective date of this Decree, based on conduct alleged to have occurred prior to the effective date of this Decree, will be processed by EEOC in accordance with its standard procedures.

### V.  MONETARY RELIEF

22.     Judgment is hereby entered in favor of the Commission and against Defendants in the amount of $450,000.00.  This judgment does not create a separate obligation in addition to the monetary obligations under Paragraph 24 below, but instead is to secure payment of the Defendants' obligations under Paragraph 24 hereof.  Promptly after payment of the amounts pursuant to Paragraph 24, the Commission and the Defendants shall execute and present to the Court for signature a Satisfaction of Judgment and Stipulation in the form attached hereto as Exhibit D, reflecting that the monetary obligations of the judgment have been fully satisfied but that the provisions of this Consent Decree other than this Paragraph 22, Paragraph 24 and Paragraph 55 remain in full force and effect for the duration herein specified.

23.     Defendants will not condition the receipt of individual relief upon an Aggrieved Individual's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of Defendants' facilities.

24.     To resolve these claims, and in satisfaction of the monetary judgment set forth in Paragraph 22 hereof, Defendants shall pay an amount equal to the monetary judgment as follows:

(a) Defendants will pay a total of $415,000.00 to be apportioned among the alleged aggrieved individuals identified in Exhibit A, in amounts to be determined by the EEOC; and (b) Defendants shall pay $35,000.00 to Colorado Legal Services as attorneys' fees and costs. Where EEOC sought back pay for Plaintiff-Intervenors, payment to the Plaintiff-Intervenors will be divided into "back pay" and "compensatory damages", as specified by the EEOC. Otherwise, payments to Aggrieved Individuals will be for "compensatory damages" only. Payments designated "back pay" shall be reported on IRS Form W-2. Defendants shall be responsible for paying its share of payroll taxes for "back pay" and, in accordance with either a newly submitted W-4 or the most recent W-4 on file with Defendants, withholding applicable payroll taxes owed by the Aggrieved Individuals. Payments designated as "compensatory damages" shall be reported on IRS Form 1099 by Defendants and shall not be subject to withholdings.

**24.1   Apportionment of Payment:** Within thirty (30) days from the entry of this Decree, EEOC will provide Defendants with a final distribution list identifying each of the Plaintiff-Intervenors and Aggrieved Individuals to receive payment. The final distribution list will provide the name, address, and payment amounts of back pay and compensatory damages for each person to receive payment.

**24.2   Transmittal of Payments:** Within ten (10) days after EEOC provides the final distribution list; Defendants will issue payment checks to the Aggrieved Individuals in the amounts specified in the final distribution list and mail such checks to the Colorado Legal Services on behalf of Plaintiff-Intervenors and to the Aggrieved Individuals at addresses provided by the EEOC.

**24.3   EEOC Discretion to Allocate Relief:** EEOC retains the sole discretion to determine allocations of monetary relief to Plaintiff-Intervenors and Aggrieved Individuals pursuant to this Decree.

**24.4    Copy of Checks to EEOC:** Within three (3) business days after payments are mailed to payees, Defendants shall submit to EEOC a copy of the checks issued.

## VI.    OTHER INDIVIDUAL RELIEF

**25.    Expungement of Personnel Files**: Within thirty (30) days of  the entry of this Decree, Defendants shall expunge from the Plaintiff-Intervenors and Aggrieved Individuals' personnel files (a) any and all references to the charges of discrimination filed against Defendants that formed the basis of this action; (b) any and all references to the allegations of discrimination filed against Defendants that formed the basis of this action; and (c) any and all references to the Aggrieved Individuals' participation in this action.

**26.    References**: Should any prospective employer request a reference for any of the Plaintiff-Intervenors or Aggrieved Individuals in this litigation, Defendants shall provide a reference that states the dates of employment, position(s), and final salary.

**27.    Letters of Regret:** Within ten (10) business days after entry of this Decree, Defendants shall provide a letter of regret to each Aggrieved Individual on company letterhead in the form attached as Exhibit B.

## VII.    EQUITABLE RELIEF

### A.    *Injunctive Relief*

**28.**    Defendants, their officers, agents, successors, and other persons in active concert or participation with the Defendants in their business operations, are permanently enjoined from engaging in any employment practice which discriminates on the basis of sex, including but not limited to sexual harassment.

**29.**    Defendants, their officers, agents, successors, and other persons in active concert or participation with the Defendants in their business operations, are permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's

opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended. Defendants shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendants; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of Title VII. Defendants shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendants retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

### B. EEO Policy and Record-Retention Review

**30.** Within sixty (60) days of the entry of this Decree, the Defendants shall, in consultation with an outside consultant experienced in the area of employment discrimination law ("Consultant"), review its existing EEO policies to conform to the law and revise, if necessary.

**31.** The written EEO policies must include at a minimum:

a. A strong and clear commitment to preventing unlawful sex discrimination, including but not limited to sexual harassment.

b. A strong and clear commitment to preventing retaliation;

c. A clear and complete definition of disparate treatment based on sex and retaliation;

d. A statement that discrimination based on sex, including but limited to sexual harassment, and retaliation is prohibited and will not be tolerated;

e. A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

f.      The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about discrimination, harassment, or retaliation;

g.      A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

h.      An assurance that Defendants will investigate allegations of any activity that might be construed as unlawful discrimination and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of discrimination;

i.      An assurance that appropriate corrective action will be taken by Defendants to make victims whole and to eradicate the unlawful conduct within its workforce;

j.      A description of the consequences, up to and including termination, that will be imposed upon violators of Defendants' anti-discrimination policies;

k.      A promise of maximum feasible confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation; and

l.      An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation.

**32.**    Within ninety (90) days after completion of the policy review required under this Decree, the written EEO policies shall be posted in a prominent location frequented by employees, at Defendants' MountainKing facility in Monte Vista, Colorado and distributed to each current employee of the Monte Vista, Colorado facility in writing. The written EEO policies shall be

distributed in writing to all new employees when hired at MountainKing. Defendants shall make the written EEO policies available in alternative formats as necessary for persons with disabilities and for persons who do not read English. Alternative formats will include but not be limited to an audiotape format and Spanish or other language format.

33. Defendants shall review and revise any policies or procedures they have regarding the creation of and/or maintenance of records relating to complaints of sexual harassment and/or retaliation, including all verbal or written complaints. To the extent that no policies or procedures exist, they must be created. Defendants shall assure that all supervisors, managers, human resources personnel, as well as any persons responsible for receiving and addressing employee complaints, do the following:

33.1. Document in writing, without bias, any complaint of harassment and/or retaliation, even if the complaint is oral or the complainant does not want to provide a written statement.

33.2. Document in writing, without bias, any interview by the person(s) investigating the complaint.

33.3. Document in writing, without bias, all steps taken to investigate a complaint of harassment and/or retaliation.

33.4. Have in place a system of preservation, for all original records of complaints and subsequent investigations that ensures preservation of all documents for no less than 3 years after conclusion of the investigation unless a Charge of Discrimination or other legal action is filed and then 3 years after conclusion of such Charge or litigation.

33.5. The record-retention system shall, at a minimum, require that all records, including records of oral complaints, written complaints, anonymous complaints, notes of contact with complaining parties, notes of witness interviews and any other materials

pertaining to a complaint of sexual harassment, be promptly delivered to a clearly-designated, neutral (outside of the chain of command related to warehouse employees) custodian of records in human resources at the facility.  In turn, the local facility's custodian of records shall be responsible for forwarding copies of all the records provided to the designated custodian of records in Defendants' headquarters offices for appropriate maintenance in a searchable electronic maintenance system or otherwise searchable document filing system.

### C.    Training

**34.**    At least semi-annually for the duration of this Decree, Defendants shall provide EEO training for all its employees. Under this provision, employees will be trained at a minimum in the following areas: (a) the Defendants' policy and procedures for reporting alleged discrimination; (b) understanding the kind of conduct which may constitute unlawful discrimination or harassment; (c) the penalties of engaging in discriminatory behavior; and (d) Defendants' non-retaliation policy. All training under this Paragraph shall be at Defendants' selection and expense. Training may be by live presentation, online interactive training, and/or computer training, or any combination of the foregoing.  The training will be conducted as follows:

**34.1.   Non-managerial Employees:**  Within 90 days of entry of this Decree and each year for the duration of this Decree, Defendants will provide non-managerial employees at least two (2) training sessions per year. These non-managerial training sessions shall each be at least one hour (60 minutes) training sessions for each employee at the MountainKing facility in Monte Vista, Colorado.  Attendance will be mandatory for every employee on the days of such training. Each of these two (2) training sessions will focus on sex discrimination, sexual harassment, and retaliation.  New non-managerial employees hired after the semi-annual training referenced above will receive the same training within

30 days of being hired. At least 30 minutes of these trainings must be demarcated specifically for training on sexual harassment, hostile work environment, and gender discrimination. These trainings must be conducted live or by videotape presentation. The trainings must be administered in both English and Spanish format. The training under this Paragraph 34.1 must be provided by Consultants as defined in Paragraph 16.

**34.2.   Managerial and Supervisory Employees:**  Within 60 days of entry of this Decree and at least twice each year for the duration of this Decree, Defendants will require all individuals who work in a managerial or supervisory capacity at the MountainKing facility in Monte Vista, Colorado owned or operated by Defendants, including all managers, supervisors and shift managers or shift leaders, to receive at least three (3) hours of training on a semi-annual basis regarding Title VII and other federal anti-discrimination laws, for a total of six (6) hours annually.   One  (1) of the three (3) hours must directly address sex discrimination, sexual harassment and retaliation and at least one (1) of the three (3) hours must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including sexual harassment.   In each of the training sessions required by this Paragraph 34.2, Defendants shall emphasize with managerial and supervisorial employees that due to their position of power, such employees (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them. Additionally, Defendants will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete the requisite three (3) hours of

supervisory training within twenty (20) days of being hired or promoted. The training under this Paragraph 34.2 must be provided by Consultants as defined in Paragraph 16.

**34.3.   Human Resource Employees:**  Defendants will require all individuals who work in the "office" at MountainKing and who are responsible for receiving complaints of discrimination and/or who work in a human resource capacity and who provide human resources support to the Defendants' MountainKing facility to receive at least twelve (12) hours of training annually regarding Title VII and other federal anti-discrimination laws. Four (4) of  the twelve (12) hours must directly address sex discrimination, and at least two (2) hours of the twelve (12) hours must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including the proper procedures for documenting and preserving evidence of discrimination, archiving the corporation's investigation of complaints, as well as detailing the consequences and result of the investigation where discrimination is found. Additionally, Defendants will require employees who are newly hired or promoted into a human resource position to complete five (5) hours of general EEO training within thirty (30) days of being hired or promoted into a human resource position.  The training under this Paragraph 34.3 must be provided by Consultants, as defined in Paragraph 16.

**34.4.   Training on Investigative Techniques:**  All employees with responsibility for responding to or investigating complaints of discrimination, shall be provided eight (8) additional hours of annual training instructing on accepted professional standards for receiving and investigating complaints of discrimination, including such matters as witness interview techniques, other evidence-gathering techniques, maintaining investigative notes and records, legal analysis of the evidence, and methods for eliminating and ameliorating

violations of anti-discrimination law. The training under this Paragraph 34.4 must be provided by Consultants, as defined in Paragraph 16.

35.     Defendants agree that all of its personnel shall both register and attend the training sessions.

36.     Defendants agree that at each training session held pursuant to Paragraph 34 above, the Defendants shall explain to employees who the Equal Employment Opportunity Commission is, the laws they enforce, and explain procedures for bringing a complaint to the EEOC, including requisite timelines and notifying employees that they need not have an attorney nor is there any cost to approaching the agency. Defendants will further specify that the EEOC is an agency of the United States that is responsible for receiving and investigating complaints of discrimination from employees. And at each of the training sessions held pursuant to Paragraph 34 above, Defendants shall provide its employees with contact information for the EEOC, including EEOC's Denver Office's current phone number, mailing address, and EEOC's website contact information.

37.     The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to attend, observe, and fully participate in all of the sessions, presented live. Defendants shall provide the Commission with thirty (30) days notice that a live training session will be conducted, or alternatively, Defendants may provide a comprehensive schedule of trainings planned for the year or for a number of months if such is more convenient. Defendants shall provide notice to the EEOC and Monitor of all new employee and/or new manager training conducted using videotape on a semiannual basis, outlining the date of training, persons attending and the video tape training provided during the prior quarter.

### D.      Notice Posting

**38.**     Within thirty (30) business days after the Court's entry of this Decree, Defendants shall post in each of its plants or facilities in Monte Vista, Colorado, in a conspicuous place frequented by employees, the Notice attached as Exhibit C to this Decree. The Notice shall be the same type, style, and size as set forth in Exhibit C. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendants will replace it with a clean copy.  Defendants shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Consent Decree.

### E.      Samuel Valdez

**39.**     Defendants agree that as of the date of entry of this Decree, Samuel Valdez will no longer be employed by either of the Defendants and Valdez will not be reemployed by Defendants, or any affiliated company of the Defendants at any time during the term of this Decree.  Defendants also agree to note in Defendants' records that Mr. Valdez is ineligible for rehire as a result of the allegations of sex harassment made in this lawsuit.

### F.      EEO Compliance as a Component of Management Evaluation

**40.**     Defendants shall, within sixty (60) days of the entry of this Consent Decree, and at least continuously for the duration of this Decree, develop and implement a management evaluation system which includes EEO compliance, compliance with policies and laws prohibiting retaliation, and compliance with this Decree as factors which shall be used to evaluate all managerial employees, including but not limited to all managers and supervisors responsible for Defendants' MountainKing facility in Monte Vista, Colorado.

### G.    Consent Decree Monitor

**41.    Appointment:** Defendants shall have 30 days from entry of Decree to name a Consent Decree Monitor who is bilingual (English/Spanish). The Monitor selected must be acceptable to the EEOC. If the Monitor selected is not acceptable to the EEOC, the parties shall follow the procedures set forth in Paragraph 42. The Monitor shall commence work under the Decree within 15 days of being approved by both parties or selected by Defendants in accord with Paragraph 42.

**42.    Replacement:**  In the event the Monitor is unable or unwilling to continue to serve, the Parties shall jointly select a new Monitor who must be bilingual. If the parties cannot agree upon a Monitor within thirty (30) days following the notification of a need to replace the Monitor, the EEOC shall provide Defendants with a list of at least three candidates, from which Defendants shall select the Monitor.  Further, to the extent either party contends the Monitor is acting in a manner outside of or inconsistent with the obligations set forth herein, either party may notify the other party of the issues or concerns.  The parties shall work cooperatively to clarify the scope or concern related to the Monitor and, if such concerns cannot be cured to the satisfaction of either party, the Monitor shall be removed and replaced in accordance with the provisions hereof.

**43.    Costs and Compensation:** Defendants shall compensate the Monitor at an agreed upon rate, and shall reimburse the Monitor's reasonable expenses. Defendants shall also pay any and all reasonable costs necessary to fulfill the work of the Monitor.

**44.    Cooperation:** The Monitor shall, to the maximum extent practicable and consistent with the Monitor's obligations, work cooperatively with the Defendants so as not to unduly interfere with the Defendants' operations. Defendants shall, in turn, cooperate with the Monitor to the maximum extent practicable. Defendants shall not interfere with Monitor's access to employees and

any interviews of employees conducted by the Monitor pursuant to the Decree shall not be attended by any Defendants' managers, officials or agents.

45.     **Access:** The Monitor shall have reasonable access to the relevant documents, premises, employees, and other sources of information necessary to exercise his or her duties under this Decree. The Monitor shall have access on at least a monthly basis, to an employee list for Defendants' employees that contains residence addresses and contact information. The Monitor and the EEOC shall have reasonable access to review all non-privileged records maintained by Defendants relating to the implementation of this Decree.

46.     **Monitor Responsibilities:** During the term of the Decree, the Monitor will have the following responsibilities:

46.1     Within ninety (90) days of the entry of the Decree, and every six months for the duration of the Decree, the Monitor shall conduct a meeting(s) with all employees at Defendants' Monte Vista, Colorado facilities. During such meetings, the Monitor shall inform the employees about the contents and requirements of this Decree and verify compliance with this Decree. These meetings must be conducted in a manner that assures employees who only speak and understand Spanish can fully participate in these semi-annual meetings.

46.2     The Monitor, with cooperation of Defendants, shall distribute an anonymous written survey to all employees who attend the employee meetings described in Paragraph 46.1 above. The Monitor shall have the sole discretion to draft the survey.  The survey must be available in both English and Spanish language formats. The Monitor shall both distribute and collect the surveys in an appropriate manner that assures maximum confidentiality for the employees and encourages voluntary participation by the employees. To assist the Defendants in assuring that there is no discrimination or retaliation in

employment, the Monitor will provide copies of the anonymous surveys and a report on the surveys to Defendants within sixty (60) days of receiving the completed surveys. A copy of the report shall also be provided to EEOC.

**46.3**     Every three months for the duration of the Decree, the Monitor shall select a random sampling of employees to talk with or interview from each shift in order to determine if the employees have experienced circumstances that would constitute disparate treatment or hostile work environment based on sex, or retaliation for opposition to perceived unlawful employment practices. The Monitor's interviews with employees under this Paragraph are to be conducted solely between the Monitor and employees, without the presence of Defendants managers or agents.

**46.4**     The Monitor shall continually evaluate whether Defendants have taken appropriate and reasonable action to protect employees from a hostile work environment based on sex, and from retaliation.

**46.5**     The Monitor shall review all records documenting employee complaints of discrimination or harassment based on sex and/or retaliation, including oral and written complaints, charges of discrimination, and records relating to such complaints.

**46.6**     The Monitor, to the extent necessary, shall make recommendations to Defendants regarding compliance with this Decree.

**46.7**     The Monitor shall report to the EEOC and Defendants every six months regarding what actions he/she took during the six month reporting period.

**46.8.**     The Monitor shall maintain all original documents received and generated by the Monitor during the Monitor's term for the duration of this Decree.

## VIII.   RECORD KEEPING AND REPORTING PROVISIONS

**47.**   For the duration of this Decree, Defendants shall maintain all records concerning implementation of this Decree, including, but not limited to, all of the following:

**47.1**   Personnel files;

**47.2**   Payroll records;

**47.3**   Work schedules;

**47.4**   Complaints of discrimination and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken;

**47.5**   All documents related to the employee training described above, including but not limited to attendance sheets, agendas, and training materials;

**47.6**   All documents, reports and other materials related to the services provided by the Monitor, described in Paragraphs 41-46 above;

**48.**   Defendants shall provide semi-annual reports for each six month period following the entry of this Decree.  The reports shall be due thirty (30) days following the respective six-month period, except the final report which shall be submitted to the Commission six weeks prior to the date on which the Consent Decree is to expire.

**49.   Reporting Requirements:**  Each report shall provide the following information:

**49.1   Reports of Discrimination:**  For purposes of this Paragraph the term "report of discrimination" will include any written or verbal complaint made to a manager or of which a manager is aware which alleges discrimination, or the witnessing of discrimination, based on sex even if such terminology is not used by the complainant. The complainant need not invoke the terms "discrimination," "Title VII," "disparate treatment," "violation," or "rights," etc. Employees are not trained in legalese and frequently use such terms as

"unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," "treated differently," or "disciplined without or for no reason" and other such language that indicates an allegation of discrimination. For example, if a female employee reports that a male employee has made an offensive sexual comment, this should be recognized as a complaint of sexual harassment and/or gender discrimination even though the employee does not use the terms "harassment" or "discrimination," and regardless of whether the complaint is made orally or in writing.

**49.1.1** The report will include:

a.      The name, address, email address, and telephone number of each person making a complaint of sex discrimination to Defendants or to any federal, state, or local government agency;

b.      The name, address, email address, and telephone number of each person identified as a potential witness to the incident of discrimination;

c.      A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendants' investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

d.      Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**49.2   Complaints of Retaliation**: For purposes of this Paragraph, the term "complaint of retaliation" will include any written or verbal complaint which alleges retaliation for activity that is protected under Title VII, or alleges retaliation for conduct which the Defendants recognize or should have recognized as protected activity under any of those statutes even if the complainant does not use legal or technical terminology.

**49.2.1** The report shall include:

a.  The name, address, email address, and telephone number of each person making a complaint of retaliation to Defendants or to any federal, state, or local government agency;

b.  The name, address, email address, and telephone number of each person identified as a potential witness to the incident of retaliation;

c.  A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendants' investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

d.  Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**49.3  Training**

**49.3.1** For each training program required under this Decree, and conducted during the reporting period, Defendant shall submit a registry of attendance or certificates of completion.

**49.3.2** For each training program conducted by an outside consultant or vendor, Defendants will identify the consultant and/or vendor and provide a copy of the program agenda.

**49. 4  Posting of Notice**:  Defendants shall recertify to the Commission that the Notice required to be posted under this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**49.5    Policy Review**:  Defendants shall report on the status of the EEO policy review process required above.

**49.6    Record Keeping:**  Defendants shall report on the creation and/or revision of any records keeping policies or practices required by this Decree, as required above.

**49.7    Letters of Regret:**  Defendants' first report under this provision shall include copies of the Letters of Regret sent to Aggrieved Individuals as required by this Decree.

## IX.    RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**50.**    This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**51.**    There is no private right of action to enforce Defendants' obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith

**52.**    The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.  Should the Court determine that Defendants have not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

Prior to initiating an action to enforce the Decree, EEOC will provide written notice to Defendants of the nature of the dispute. This notice shall specify the particular provision(s) believed to have been breached and a statement of the issues in dispute. The notice may also include a reasonable request for documents or information relevant to the dispute. Within 30 business days after service of the Notice of Dispute, Defendants will provide the EEOC a written response and provide the requested documents or information.

Service of the Notice of Dispute and any Responses shall be made by hand-delivery, facsimile transmission, or electronic mail to Defendants' General Counsel, Mark E. Steakley, with a

22

copy being sent to Defendants' counsel herein at the same time. After service of the Responses, the Parties will schedule a telephone or in-person meeting to attempt to resolve the dispute. If the dispute has not been resolved within 60 days after service of the Notice of Dispute, an action to enforce the Decree may be brought in this court. The provisions of this section do not prevent the EEOC from bringing an issue before the Court when the facts and circumstances require immediate Court action. EEOC's moving papers shall explain the facts and circumstances that necessitate immediate Court action. If the EEOC brings a matter before the Court requiring immediate Court action, copies of the moving papers will be provided to Defendants.

**53.**     Absent extension, this Decree shall expire by its own terms at the end of the 36th month from the date of entry without further action by the Parties.

## X.     EEOC AUTHORITY

**54.**     With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XI.     COSTS AND ATTORNEY'S FEES

**55.**     Defendants shall pay legal fees and costs to Colorado Legal Services in the amount of $35,000.00, as set forth in Paragraph 24 hereof, within thirty (30) days of entry of this Decree. Except as provided above, each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII.   NOTICE

56.      Unless otherwise indicated, any notice, report, or communication required under the

provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

| For Plaintiff: | For Defendant: |
|---|---|
| Loretta Medina | E. Michelle Bohreer |
| Senior Trial Attorney | Todd J. Zucker |
| Albuquerque Area Office | BOHREER & ZUCKER LLP |
| 505 Marquette NW, Suite 900 | Two Greenway Plaza, Suite 600 |
| Albuquerque, New Mexico  87102 | Houston, TX 77006 |
| (505) 248-5230 | (713) 526-8100 |
| Fax (505) 248-5217 | Fax (713) 526-8105 |
| loretta.medina@eeoc.gov | michelleb@bohreerzucker.com |

## XIII. SIGNATURES[1]

57.      The parties agree to the entry of this Decree subject to final approval by the Court.

## XIV.  MOTION TO DISMISS

58.      The **Joint Motion for Entry of Consent Decree and for Administrative Closure**

**Subject To Entry of Consent Decree** [#81][2],  filed June 30, 2015, is granted.

SO ORDERED this 6th day of October, 2015.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[1]   Signatures of counsel for the parties are shown in Attachment 1.

[2]   "[#81]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.